IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BANKERS LIFE AND CASUALTY COMPANY,
an Illinois Corporation,

PLAINTIFF,

vs.

D'LEON LASISTER and EARLINE WEBER,

DEFENDANTS.

Case No. 02-73719
Hon. BERNARD A. FRIEDMAN
Magistrate Judge

MAGISTRATE JUDGE PEPE

## COMPLAINT FOR INTERPLEADER AND PERMANENT INJUNCTION

NOW COMES plaintiff Bankers Life and Casualty Company ("Bankers"), by and through its attorneys, CLARK HILL PLC, and pursuant to Fed. R. Civ. P. 22, asks that this Honorable Court grant its request for an Order of Interpleader and Permanent Injunction, requiring defendants, D'Leon Lasister and Earline Weber, to interplead their claims against each other before the Court, and as the basis for its complaint, states as follows:

1. Bankers is an Illinois corporation authorized to conduct business in the State of Michigan, and conducting business in Wayne, Oakland, and Macomb Counties.

2. Upon information and belief, defendant D'Leon Lasister, is a citizen of the State of Michigan and a resident of Wayne County.

3. Upon information and belief, defendant Earline Weber is a citizen of the State of Michigan and a resident of Wayne County.

3186418v1
20536/091470

4. This case involves competing claims for a $50,000.00 in death benefit under an employee welfare benefit plan governed by ERISA, 29 U.S.C. § 1001 et seq.

5. This Court has jurisdiction over this action under 28 U.S.C. § 1331.

6. This complaint of interpleader is being filed because of conflicting claims which exist as to employee life insurance proceeds under Master Group Policy No. SR 3192, issued by Bankers to the Ford Motor Company (the "Policy") under the Ford hourly optional life insurance plan, and because Bankers cannot pay over the proceeds of the Policy without taking upon itself the responsibility of determining disputed questions of fact and law, and exposing itself to multiple liability. The amount of insurance proceeds at issue is Fifty Thousand and 00/100 Dollars ($50,000.00).

7. Upon information and belief, Constance T. Lasister, deceased, was employed by the Ford Motor Company and enrolled under the Policy.

8. Upon information and belief, Constance T. Lasister named D'Leon Lasister, her son, and Earline Weber, her godmother, as beneficiaries of her $100,000.00 life insurance proceeds under the Policy.

9. Constance T. Lasister died in Wayne County, Michigan on December 9, 2001, of apparent natural causes..

10. Defendant D'Leon Lasister., has notified Bankers that he is claiming the entire $100,000.00 in employee life insurance proceeds arising from the death of Constance T. Lasister on the apparent ground that defendant Earline Weber agreed to his receiving the entire amount.

11. Defendant Earline Weber has notified Bankers that she denies any agreement with D'Leon Lasister and is claiming half, or $50,000.00, of the employee life insurance proceeds arising from the death of Constance Lasister (the "Disputed Proceeds").

12. Bankers has already paid to Defendant D'Leon Lasister $50,000.00 in employee life insurance proceeds arising from the death of Constance Lasister, that amount being the undisputed portion of said proceeds.

13. Bankers is unable to ascertain how to pay the Disputed Proceeds in the amount of Fifty Thousand and 00/100 Dollars ($50,000.00).

14. Bankers holds the sum of Fifty Thousand and 00/100 Dollars ($50,000.00) in Disputed Proceeds due under the Policy, and has been and is ready and willing to pay the sum to the person(s) legally entitled to the Disputed Proceeds, whenever legal entitlement can or may be determined.

15. Bankers cannot safely pay over the sum of Fifty Thousand and 00/100 Dollars ($50,000.00) until it is determined to whom payment should be made.

16. The competing claims of defendants D'Leon Lasister and Earline Weber are such that Bankers is or may be exposed to multiple liability.

17. Bankers is a mere stakeholder of the Fifty Thousand and 00/100 Dollars ($50,000.00) in Disputed Proceeds to be paid to the appropriate claimant(s) under the Policy after a full and complete adjudication before this Honorable Court. Bankers has no interest in the outcome of these conflicting claims of common origin.

18. There is no collusion now, nor has there been collusion at any time, between plaintiff and defendants, or any of them, as to the action or as to the disposition of the Disputed Proceeds.

19. Bankers has no means other than this action of protecting itself against the vexation of multiple litigation as to the Disputed Proceeds on the part of the defendants.

20. Pursuant to Fed. R. Civ. P. 22, Bankers admits liability for the Disputed Proceeds payable under the Policy in the amount of Fifty Thousand and 00/100 Dollars ($50,000.00) and requests that this Court enter an order permitting Bankers to deposit said amount with the Clerk of the Court to abide with the judgment of this Court and permanently enjoin the defendants from commencing or prosecuting another action regarding the Disputed Proceeds, in any court, federal or state.

21. Because it has become necessary for Bankers to institute this action, Bankers seeks its reasonable attorney fees and costs.

WHEREFORE, Bankers asks that:

A. Bankers may deposit the sum of Fifty Thousand and 00/100 Dollars ($50,000.00) with the Clerk of the Court, to be subject to the order of this Court and to be paid out as this Court directs to whichever defendant is found to be entitled to it.

B. Bankers be discharged from any and all liability growing out of any claim to the Benefits payable under the Policy because of the death of Constance T. Lasister, upon deposit of said sum and prior to determining the rights of the defendants to the Disputed Proceeds.

C. Defendants D'Leon Lasister and Earline Weber, and their attorneys and agents, be permanently enjoined and restrained from commencing or prosecuting any other suit or action against Bankers for the collection of the Benefits payable under the Policy, and from assigning, transferring or otherwise disposing of the interest in said Benefits until further order of this Court.

D. Defendants D'Leon Lasister and Earline Weber interplead, settle and adjust their respective claims and demands between themselves, Bankers being willing and hereby consenting that the sum of money be paid to whichever defendant(s) it shall, by the judgment of this Court, be adjudged to belong.

E. Bankers be awarded its reasonable attorney fees and costs in this matter from the fund of Fifty Thousand and 00/100 Dollars ($50,000.00) deposited by it with the Clerk of the Court.

F. Bankers be granted other relief this Court deems just and equitable.

Respectfully submitted,

CLARK HILL PLC

By: _____
James E. Brenner (P11178)

Attorneys for Plaintiff
500 Woodward Avenue
Suite 3500
Detroit, Michigan 48226-3435
(313) 965-8300

Dated: September 17, 2002